UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANORA TAYLOR,<br><br>　　　　　Plaintiff,<br>　　v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 08-1708-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.

# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the totality of the medical evidence;
2. Whether the ALJ properly evaluated Plaintiff's credibility; and
3. Whether the ALJ properly evaluated the lay witness testimony.[3]

(JS at 3-4.)

# II.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

---

[3] Plaintiff contends that the ALJ improperly evaluated the credibility of the lay witness testimony within Plaintiff's credibility argument. (JS at 13-14.) The Court will discuss this contention separately.

## III.

## DISCUSSION

**A.    The ALJ Properly Considered the Relevant Medical Evidence of Record.**

Plaintiff contends the ALJ failed to provide sufficient reasons for disregarding much of the relevant medical evidence of record.[4] (JS at 4-7.)

**1.    Failure to Consider Plaintiff's Chronic Fatigue.**

Plaintiff maintains that the ALJ failed to properly consider her severe and chronic fatigue. (JS at 4-5.) Plaintiff contends that she consistently complained of severe fatigue, as documented in the medical record. (Administrative Record ("AR") at 410, 415, 453-54, 464, 495-96.)

However, after considering Plaintiff's subjective symptoms, the ALJ properly rejected the severity of Plaintiff's subjective complaints. (Id. at 333-34); see infra, Discussion Part III.B. Notably, the ALJ explicitly considered and rejected the findings of the medical examiners who documented Plaintiff's many complaints, including fatigue. (AR at 333-35.) There is also no indication in the record that Plaintiff suffered from a fatigue disorder, such as chronic fatigue syndrome, nor does Plaintiff assert fatigue as one her disabling conditions. In fact, Plaintiff's application for disability benefits makes no mention of fatigue. (Id. at 21, 66.) Thus, there was no error as the ALJ considered Plaintiff's subjective complaints, including fatigue, and properly rejected the subjective complaints.

---

[4] To the extent Plaintiff is asserting that the ALJ failed to consider the medical evidence identified as Exhibit 13F pursuant to the Order of Remand (JS at 4), the ALJ summarized and considered additional medical evidence, including Exhibit 13F. (AR at 334-35.) The ALJ stated, "Accordingly, based on a review of all of the evidence of record, *including Exhibits 13-F, 14-F, and 15-F*, I find no basis upon which to predicate limitations beyond those set forth above. (Id. at 335.) Thus, Plaintiff's contention that the ALJ failed to consider Exhibit 13F is without merit.

3

**2.      Failure to Consider the Opinions of the Marriage and Family Therapist.**

Plaintiff contends the ALJ erroneously disregarded the opinions of the marriage and family therapist ("MFT"), Jack Johnson, and the MFT trainees[5] simply because an MFT is not an acceptable medical source. (JS at 5-7.)

Controlling weight can only be given to a "physician, psychologist, or other acceptable medical source."[6] A therapist is not generally an acceptable medical source. See 20 C.F.R. § 404.1513(d) (including therapist as an "other" medical source). The ALJ may, but is not required to, use evidence from these other sources to show the severity of an impairment and how it affects Plaintiff's ability to work. Id. Where a therapist works in conjunction with a medical physician, this may be considered an "acceptable medical source," while a therapist working on his own is not. Benton ex. rel. Benton v. Barnhart, 331 F.3d 1030, 1039 (9th Cir. 2003); see also Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996).

Here, Mr. Johnson and the MFT trainees are not physicians, psychologists, or other acceptable medical sources, but rather are licensed MFTs. (AR at 417-20, 426, 428-31, 440-43, 446-51, 453-58, 460.) Moreover, the progress reports do not suggest that Mr. Johnson and the MFT trainees worked in conjunction with a medical physician. (Id.) In rejecting the opinion of the MFTs, the ALJ provided:

> Additionally, I note that in November 2004 . . . , an MFT Trainee who saw the claimant for several counseling sessions, indicated the

---

[5] The record indicates that several MFT trainees, including Parvaneh Alboughbobias, worked under the supervision of Mr. Johnson to treat Plaintiff. (AR at 409-88.)

[6] Title 20 C.F.R. § 404.1527(d)(2) accords controlling weight under certain circumstances to "treating sources." A "treating source" is defined in 20 C.F.R. § 404.1502 as the individual's "own physician, psychologist, or other acceptable medical source." "Acceptable medical sources" are listed in 20 C.F.R. § 404.1513.

>claimant had extreme difficulty expressing herself clearly due to severe stuttering and difficulty processing and comprehending what was discussed in the sessions. I cannot give weight to his opinion, however, as he is not an acceptable medical source and as his assessment – particularly his discussion of the claimant's speech difficulties – is not supported by the medical evidence of record. Indeed, I note that in January 2005 psychiatrist Samuel E. Dey, Jr., M.D. stated the claimant's speech was "clear, audible, understandable and not pressure." He also noted the claimant's thoughts were "relevant and coherent, and verbalized in a free flowing manner" and that there was "no evidence of a florid thought disorder." Moreover, I note the claimant did not stutter during the hearing.

(Id. at 335.) The ALJ's finding is supported by the record. (Id. at 335, 365-90, 416, 541-58.) Plaintiff argues that her speech "has varied and fluctuated from time to time and even in some instances moment to moment." (JS at 6.) However, Plaintiff's contention is belied by the record, contradicted by the ALJ's own observation of Plaintiff, and undermined by the ALJ's negative credibility finding. See infra, Discussion Part III.B. Plaintiff also fails to cite to any support for her contention in the record. Accordingly, the Court finds no error in the ALJ's consideration and rejection of the opinions of the MFTs.

### 3. Failure to Consider Global Assessment of Functioning Scores by the MFTs.

Plaintiff also contends the ALJ failed to provide sufficient reasons for rejecting the Global Assessment of Functioning ("GAF") score of 31[7], assessed by

---

[7] A GAF score of 31 is described as "[s]ome impairment in reality testing or communication . . . OR major impairment in several areas, such as work or school,
(continued...)

the MFTs, without providing specific and legitimate reasons for doing so.  (JS at 5.)

In his report, the ALJ specifically stated that he did not find GAF scores to be reliable.  (AR at 334-35.)  The ALJ stated, "[Plaintiff's] GAF was typically assessed in the 31 to 50 range, indicating significant limitations in functioning, but such limitations are not well-documented or explained."  (Id.)

As stated above, the MFTs here are not considered to be acceptable medical sources.  See 20 C.F.R. § 404.1513(d).  As a result, the ALJ may, but is not required to, use evidence from such other sources to show the severity of an impairment.  Id.  Further, GAF scores only reflect the "clinician's judgment of the individual's overall level of functioning and include[] psychological, social and occupational functioning."  Diagnostic and Statistical Manual of Mental Disorders - Revised 32-34 (American Psychiatric Ass'n ed., 4th ed. 2000).  They are not meant to be a conclusive medical assessment of overall functioning, but rather, are only intended to be "useful in planning treatment[,] . . . measuring its impact, and in predicting outcome."  Id.  The Social Security Regulations do not require an ALJ to take the GAF score into account in determining the extent of an individual's disability.  While the score may help the ALJ assess the claimant's ability to work, it is not essential, and even an ALJ's failure to mention the GAF score does not constitute an improper application of the law.  Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the [residual functional capacity ("RFC")], it is not essential to the RFC's accuracy.  Thus, the ALJ's failure to reference the GAF score in the RFC, standing alone, does not make the RFC

---

⁷(...continued)
family relations, judgment, thinking, or mood."  Diagnostic and Statistical Manual of Mental Disorders - Revised 34 (American Psychiatric Ass'n ed., 4th ed. 2000).

inaccurate.").

Here, the ALJ considered the GAF scores, but finding such scores unreliable, did not find it mandated disability.  (AR at 335.)  This is a specific and legitimate reason for discounting this score.  Moreover, since the ALJ is not required to take the GAF score into account in determining disability or even to mention it, the ALJ's failure to reconcile the low GAF scores with the other GAF scores in the record or with other medical opinions, does not make the RFC inaccurate.  Howard, 276 F.3d at 241.  Thus, there was no error requiring remand.

Based on the foregoing, the Court finds that the ALJ properly considered the relevant medical evidence of record in support of a finding of non-disability.  Thus, there was no error.

**B.     The ALJ Properly Considered Plaintiff's Subjective Complaints and Properly Assessed Plaintiff's Credibility.**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons for rejecting Plaintiff's subjective complaints.  (JS at 11-14.)  Plaintiff argues that the ALJ failed to specify which allegations of pain and other symptoms he found not credible.  (Id. at 13.)  Plaintiff also claims that the ALJ failed to consider the factors in Social Security Ruling ("SSR") 96-7p[8] in rejecting her subjective symptoms.  (Id.)

**1.     Applicable Law.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also

---

[8] See infra, Discussion Part III.B.1.

Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

SSR 96-7p[9] further provides factors that may be considered to determine a claimant's credibility such as: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; 3)

---

[9] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

### 2. **Analysis.**

Here, the ALJ partially discredited Plaintiff's subjective symptoms for the following reasons: (i) there was evidence of malingering; and (ii) Plaintiff's allegations were unsupported by the objective medical evidence, as evidenced by the lack of medical treatment and inconsistent examinations. (AR at 333-35.)

The ALJ discounted Plaintiff's credibility as to her subjective symptoms based upon evidence of malingering and over exaggeration. The ALJ provided:

> There were multiple reports in the record that the claimant was exaggerating symptoms because her symptoms would come and go during the evaluation or when she was not aware that she was being observed. She could use her right arm when she had previously said she could not use her right arm. . . .
>
> The claimant's testimony was only partially credible. She alleged total disability due to right-sided weakness and a speech impairment. She testified she required a cane to assist walking but that allegation conflicted with the reports of the treating and consultative physicians that there was no objective evidence of a neurological impairment.

(Id. at 334.) The record supports the ALJ's opinion regarding malingering. (Id. at 249, 335, 536-37.) During a neurological evaluation, Dr. Sarah L. Maze indicated

that Plaintiff could not move her right arm, but was later observed scratching with her right arm. (Id. at 249.) Dr. Maze also noted "questionable patient effort" in a grip test. (Id.) In a subsequent evaluation, Dr. Maze stated that Plaintiff's mental status exam was not "entirely consistent," and Plaintiff's level of cooperation was "suboptimal." (Id. at 536-37.) Dr. Maze also commented that Plaintiff brought a cane to the evaluation, but did use the cane for assistance in ambulating. (Id. at 537.) Additionally, consultative physicians raised some doubt as whether Plaintiff's alleged speech impairments was intentional. (Id. at 243, 249.) Dr. Reynaldo Abejula, after performing a psychiatric examination on Plaintiff, opined, "It is hard to discern whether [Plaintiff] was stuttering on purpose or not." (Id. at 243.) The ALJ also indicated that Plaintiff "did not stutter during the hearing." (Id. at 335.) Accordingly, the ALJ relied upon evidence of malingering, poor effort, or over exaggeration to discount Plaintiff's credibility.

The ALJ also based his adverse credibility finding on the lack of support in the objective medical record, as evidenced by the findings of the physicians and the conservative treatment plans. (Id. at 334.) The ALJ stated:

> The claimant has right-sided weakness and bipolar disorder. These impairments are severe and restrict the claimant to a wide range of sedentary work as specified in the hypothetical question posed to the vocational expert and discussed herein. This conclusion views the evidence very favorably towards the claimant. Despite undergoing numerous neurological examinations and tests including CT scans of the brain and EMG studies, there was no evidence of any cerebrovascular accident or other neurological impairment . . . . The mental status examination revealed mild symptoms of depression and anxiety and she was primarily treated with Paxil. She was found mildly limited in activities of daily living, social functioning, and concentration, persistence and pace. Most physicians did not limit her secondary to

>any symptoms of depression or anxiety. . . .
>
>The lack of medical treatment in the record and the inconsistencies during the examinations severely undermined her credibility. The lack of ongoing mental health care other than taking Paxil also undermined her credibility.

(Id.) The objective medical evidence does not support Plaintiff's subjective allegations of disabling impairments. As the ALJ stated, numerous medical examinations resulted in normal findings with no evidence of neurological or physical impairments. (Id. at 129-31, 147, 155, 166-67, 207, 227, 237-38, 474, 520.) Moreover, there is no indication in the record that any treating or consultative physicians assessed functional limitations beyond the ALJ's finding. (Id. at 129-31, 244, 249-50, 253, 259, 263, 267-72, 420, 537-38.) Given Plaintiff's complaints of disabling symptoms, the treatment plan is conservative, consisting of psychiatric medications, pain medications, and counseling. (Id. 104, 129, 150, 169, 210, 223, 240, 424, 437, 480, 490, 508, 516, 535.) While Plaintiff was hospitalized from between March 2-6, 2007, the discharge notes indicate that she did not have any psychotic symptoms. (Id. at 533.) Thus, the objective medical evidence does not substantiate Plaintiff's disabling subjective symptoms.

Plaintiff also asserts that the ALJ's credibility analysis is flawed because he failed to consider the seven factors for evaluating credibility enumerated in SSR 96-7p. (JS at 13.) However, the ALJ was not required to discuss and analyze all of the factors enumerated in SSR 96-7p. Rather he must give consideration to these factors. See SSR 96-7p at *3 (an ALJ must consider the seven factors enumerated in SSR 96-7p in addition to the objective medical evidence when assessing a Plaintiff's credibility); see also Smolen, 80 F.3d at 1284; Bunnel, 947 F.2d at 346. Here, the record as a whole reflects adequate consideration. For example, testimony was elicited about Plaintiff's daily activities although the ALJ did not specifically address these activities in his credibility determination. (AR at

302-04, 374-75.) In fact, the Court's review of the transcript indicates that testimony was elicited from Plaintiff regarding all seven enumerated factors, regardless of whether the ALJ explicitly mentioned the factors in the body of his decision. (Id. at 292-317, 364-89, 544-54.) Further, the ALJ's decision explicitly addressed some of the factors, such as the location, duration, frequency, and intensity of Plaintiff's pain and symptoms, and other factors concerning the her functional limitations and restrictions due to pain or other symptoms. (Id. at 331-35); see also SSR 96-7p. Moreover, other than asserting that the ALJ failed to address the enumerated factors, Plaintiff cites to no objective and credible evidence to support her contentions regarding her disabling symptoms. (JS at 13.) Thus, the Court finds that the ALJ adequately considered the factors enumerated in SSR 96-7p to support his adverse credibility finding. See SSR 96-7p; see also Smolen, 80 F.3d at 1284; Bunnell, 947 F.2d at 346.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's subjective symptoms and discounting her credibility. Thus, there was no error.

**C.    The ALJ's Failure to Discuss Lay Witness Testimony Was Harmless Error.**

Plaintiff contends the ALJ failed to provide sufficient reason for disregarding the testimony of a lay witness, Huanita Preacely.[10] (JS at 13-14.) Ms. Preacely completed a "Function Report - Adult - Third Party" on May 11, 2004. (AR at 85-93.) In the report, Ms. Preacely indicated that Plaintiff is unable to pick up a plate, cannot walk more than fifteen steps before taking a break, and sits or sleeps all day. (Id. at 85, 87-88, 90.) Ms. Preacely also indicated that

---

[10] Plaintiff refers to the lay witness as her daughter. (JS at 13-14.) However, it appears that Plaintiff is actually referring to statements made by her mother. (AR at 92.)

Plaintiff can care for her personal hygiene without assistance, and she cannot pay attention for a long time. (Id. at 86, 90.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ is not relieved of his obligation to comment upon lay witness testimony simply because he has properly discredited the Plaintiff's testimony. To find otherwise would be based upon "the mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms." Id. Similarly, the mere fact that the lay witness is a relative may not be a valid reason alone for rejecting lay witness testimony. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); but see Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (the ALJ's consideration of the claimant's prior girlfriend's close relationship with the plaintiff and desire to help him as a possible reason for bias was a reason germane to that witness).

The ALJ's failure to address the witness' testimony generally is not harmless. Curry, 925 F.2d at 1131. In failing to address a lay witness' statement,

the error is harmless only if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006).

Here, while the ALJ discredited Plaintiff's credibility, the ALJ failed to address the lay witness testimony of Ms. Preacely. (AR at 15.) However, the ALJ's failure to discredit the testimony of Ms. Preacely is harmless error because the ALJ would not have reached a different disability determination having considered it. Stout, 454 F.3d at 1056; see also Robbins, 466 F.3d at 885. This is because Ms. Preacely's opinions regarding Plaintiff's physical capacity are not inconsistent with the ALJ's finding that Plaintiff should be limited a limited range of sedentary work. (AR at 331.) Even if inconsistent as to Plaintiff's mental capacity, the ALJ rejected Plaintiff's credibility by considering evidence of malingering, and the lack of objective medical evidence to support Plaintiff's disabling contentions. See supra, Discussion Part III.C. Moreover, the ALJ essentially rejected the testimony of Ms. Preacely, which was cumulative of Plaintiff's own testimony. Plaintiff indicated that she suffered from many of the same limitations as reported by Ms. Preacely in her disability function report, daily activities questionnaire, and during her hearing. (AR at 94-98, 370-78, 550-54.) Despite the ALJ's adverse credibility finding, the ALJ still gave Plaintiff the "a very generous benefit of the doubt" in his RFC finding. (Id. at 335.)

Under these circumstances, the Court can confidently conclude that no reasonable ALJ considering this case would have reached a different conclusion had he expressly addressed Mr. Preacely's statements. Accordingly, the Court finds that the ALJ's failure to address that testimony was harmless and does not warrant reversal.

/ / /

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: November 24, 2009

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge